UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LORI FULLER,
    Plaintiff,

v.                                                             Case No. 3:22-cv-1108-HES-PDB

TONA MORRIS
    Defendant.
_____/

## O R D E R

This cause comes before this Court on Plaintiff's "Motion to Reopen the Case" (Dkt. 38). This Court administratively closed the case on April 12, 2023, because Defendant filed a petition for bankruptcy (Dkt. 37). In the motion, Fuller represents that the automatic stay in the bankruptcy case is terminated and she may proceed with the requested remedies in this action (Dkt. 38). After review of the record, however, this Court finds subject matter jurisdiction is lacking.

Federal courts may decide only cases over which they have jurisdiction, and they must independently determine whether jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If a court determines jurisdiction is lacking, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). The dismissal must be without prejudice because it is not a judgment on the merits.

*Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

Plaintiff, Lori Fuller ("Plaintiff") filed this action on October 14, 2022, based on diversity jurisdiction (Dkt. 1-4). Diversity jurisdiction permits a federal district court to exercise jurisdiction over a civil action between citizens of different states involving an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

Plaintiff pleads that she is a resident of Georgia and the Defendant, Tona Morris, ("Morris") is a resident of Florida. Thus, diversity of citizenship is met. But the second prerequisite—amount in controversy—is not. Plaintiff brings a claim of breach of contract (count I) and a claim for ejectment (count II).[1] On the breach of contract claim, Plaintiff alleges damages exceed 75,000 because Morris did not pay the full purchase price of the property of $85,000 as stated in the Agreement to Purchase Real Estate ("Agreement") (Dkt. 1, ¶¶ 6, 12; Dkt. 1-1 (the Agreement)).

The Agreement is a rent-to-own home agreement. The title to the property is not transferred to Morris until the full amount is paid (Dkt. 1-1,

---

[1] This Court need not address whether the demand for damages of the full purchase price of the property and ejectment is double recovery because it is without jurisdiction. But Plaintiff appears to seek double recovery to which she is not entitled. *MCA Television Ltd. v. Pub. Int. Corp.*, 171 F.3d 1265, 1272 (11th Cir. 1999)

2

¶3). Morris was required to pay $8,500 down by April 1, 2022, with $76,500 financed at the maximum interest rate allowed under Florida law (18%) (Dkt. 1-1, ¶1). There is a monthly payment of $1,231.07 and no prepayment option. The Agreement was executed by Plaintiff and Morris on March 31, 2022. Morris was to take possession of the property on April 1, 2022. At an undetermined time, Plaintiff alleges that Morris failed to make to make timely payments (Dkt. 1, ¶11). On October 14, 2022, Plaintiff sued for breach of contract and ejectment.

At first glance the Complaint would seems to satisfy the amount in controversy requirement. Yet, the Agreement contains no choice of law provision. Federal courts sitting in diversity apply the forum state's choice-of-law rules. *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752 (11th Cir.1998) ("Federal courts sitting in diversity apply the forum state's choice-of-law rules."). In Florida, courts determine what state law controls by applying the significant relationships test. *Sturiano v. Brooks*, 523 So. 2d 1126, 1129 (Fla. 1988). Courts consider several factors to determine which state has the most contacts with the action such as (a) the place of contracting; (b) place of negotiation of the contract; (c) place of performance; (d) the location of the subject matter of the contract; and (e) the domicile of the parties. *Id.* Further contacts are evaluated "according to their relative importance with respect to the particular issue." *Id.* Here, the place of performance, location of the

contract, and the Defendant are in Florida, so the scale tips in favor of applying Florida law.

Plaintiff alleges that because Morris failed to make all payments, she is damaged by not being paid the full purchase price of the property. Damages "must compensate for damages resulting from the breach." *Goldblatt v. C.P. Motion, Inc.*, 77 So. 3d 798, 801 (Fla. 3d DCA 2011). Actual damages are "[r]eal, substantive and just damages, or the amount awarded to a complainant in compensation for his actual and real loss or injury." *Kehoe v. Fid. Fed. Bank & Tr.*, 421 F.3d 1209, 1213 (11th Cir. 2005) (quoting *McMillian v. F.D.I.C.*, 81 F.3d 1041, 1055 (11th Cir. 1996)). It is well settled, however, that parties can stipulate to a fixed amount in the event of a breach. *Lefemine v. Baron*, 573 So. 2d 326, 328 (Fla. 1991). But no damages provision can act as a penalty. *Hyman v. Cohen*, 73 So. 2d 393, 399 (Fla. 1954). In other words, a damages provision intended to deter a breach or induce a party to fully perform is impermissible under Florida law. *Id.*

Plaintiff has not plead actual damages, instead she pleads that she is owed the full purchase price of the property. Yet the Agreement has no acceleration or liquidated damages provision. But even if the parties had agreed to the stipulated amount of the full purchase price of the property such a damages provision is void under Florida law. *Lefemine*, 573 So. 2d at 328;

4

*Rusniaczek v. Tableau Fine Art Grp., Inc.*, 139 So. 3d 355, 358 (Fla. 3d DCA 2014).

Plaintiff seeks a penalty that would induce the party to fully perform under the contract. But Plaintiff's claim for the full purchase price of the property because of the breach of contract is void and unenforceable as a matter of law. *Lefemine*, 573 So. 2d at 328; *Rusniaczek*, 139 So. 3d at 358. The remaining ejectment count cannot be reduced to a monetary sum for the purposes of determining the amount of controversy. *See Parks as Tr. of Frank Sawyer Revocable Tr. v. Caribbean Crossings, Ltd., Inc.*, No. 19-80284-CIV-MARRA, 2019 WL 13256089 at *3 (S.D. Fla. May 14, 2019). Because Plaintiff failed to demonstrate the amount in controversy is met this Court lacks subject-matter jurisdiction over this action under 28 U.S.C. § 1332.

Accordingly, it is hereby **ORDERED**:

1. The "Motion to Reopen the Case" (Dkt. 38) is **DENIED** as moot;
2. This case is **DISMISSED without prejudice**; and
3. The Clerk of Court is directed to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of October, 2023.

_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Peter J. Solnick, Esq.
Tona Morris
Kevin Skyler Rabin, Esq.